# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## AUGUST 1997 SESSION



FILED

August 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | |
|---|---|
| **JAMES DAVID PACK,** | ) |
| | ) C.C.A. No. 03C01-9611-CR-00440 |
| Appellant, | ) |
| | ) Hamilton County |
| V. | ) |
| | ) Hon. Douglas A. Meyer, Judge |
| | ) |
| **STATE OF TENNESSEE,** | ) |
| | ) ( Writ of error coram nobis) |
| Appellee. | ) |

FOR THE APPELLANT:

James David Pack, <u>Pro Se</u>
F.C. I. Beckley
P.O. Box 305
Beaver, WV 25813

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

William H. Cox III
District Attorney General
600 Market Street, Suite 310
Chattanooga, TN 37402

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

In February 1979 the appellant, James David Pack, pled guilty to four counts of second degree burglary, two counts of passing a forged document, and one count of grand larceny. He received an effective sentence of three years incarceration. In September 1982 he pled guilty to four counts of simple possession of a controlled substance, one count of possession of a controlled substance with intent to sell, three counts of first degree burglary, one count of second degree burglary, one count of possession of burglary tools, and numerous counts of receiving stolen property. He received an effective sentence of ten years incarceration. In May 1996 the appellant filed a petition for writ of error coram nobis attacking these convictions. The trial court dismissed the petition on the ground that it was barred by the statute of limitations. The appellant then filed a motion for reconsideration and motion to construe his previous pleading as a petition for post-conviction relief.

The appellant's most recent convictions became final in 1982. At that time the law allowed one year from a final judgment to file a petition for writ of error coram nobis. Tenn. Code Ann. § 27-7-103 (1980). The appellant's time period for filing his petition expired in 1983. Therefore, his petition for writ of error coram nobis is time barred.

The appellant also moved that his petition be construed as one for post-conviction relief. However, at the time of his offenses, the law allowed three years to file a petition for post-conviction relief. Tenn. Code Ann. § 40-30-102 (1980). The time period for filing this petition expired in 1985. Therefore, regardless of how the appellant's motion is construed, it is time barred.

We find appellant's <u>pro</u> <u>se</u> brief artfully drafted and we understand his allegations. We, however, find no error of law mandating reversal of the trial court's determinations. Pursuant to Tenn. R. Ct. Crim. App., Rule 20, we AFFIRM.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
GARY R. WADE, Judge



_____
WILLIAM M. BARKER, Judge